JUSTICE WARNER
dissenting.
¶22 I would affirm the judgment of the District Court.
¶23 The Court finds the evidence sufficient to establish that part of the house was gifted to Tammy by her father. However, the Court concluded that evidence was insufficient to establish its value. I agree *389 that the evidence of the amount of the gift was not a full detailed appraisal. However, Tammy did research by going to four separate log home builders to obtain pricing information. Estimates were admitted into evidence. She did inform herself and testify as to what the value of the gift was. Her witnesses did confirm an estimate of such value.
¶24 There was disputed testimony concerning how much material and labor Tammy’s father put into the house. The District Court obviously believed the evidence Tammy presented.
¶25 Robert insisted that there was no gift at all. While he presented evidence that there was no gift, and said that Tammy’s father did not donate all that he said he did, Robert presented no evidence that the gift was worthless, or less than the $80,000 Tammy claimed. Therefore, I conclude that the District Court did not err when it found the value of the gift based on evidence that was unimpeached and sufficient.
¶26 As the Court concluded, the parties agreed that the land, house and grounds had a value of $200,000. The District Court found there was a debt on the house of $40,000, that $80,000 of its value was a gift to Tammy and that the remaining $80,000 was to be divided between the parties. The District Court’s figures add up. For some reason, the Court is concerned about the figures on an exhibit entitled Construction Cost Breakdown introduced into evidence by counsel for Robert during his cross-examination of Tammy. This exhibit is as follows: [Publisher’s Note: See end of document for exhibit.]
¶27 Tammy knew nothing about the exhibit, other than it had been submitted to the bank. She did not know when. She pointed out that the exhibit was inaccurate and stated it was probably just a proposal. At no time did Robert, or anyone else, testify this exhibit represented $159,950 in costs and labor, in addition to the $12,000 paid for the land. Robert’s counsel’s statement, in his reply brief, that such is the case is a misrepresentation. Likewise, counsel’s representation in his proposed findings of fact and conclusions of law filed with the District Court, that Robert testified this exhibit reflected an accurate breakdown of the home’s construction costs, is not supported by the record. Robert did not dispute at trial Tammy’s testimony that the cost of the land was doubled in this exhibit, $24,000 and not the $12,000 actually paid. Nor did he dispute her testimony that labor had been marked “paid” and was not included in any cost estimate. The exhibit itself is undated, but says “Total paid to date $65,700.” Then, it appears that the proposal is for another $128,750 in material and $31,200 in labor. Of course, the total of these amounts is $225,650, which is more than the parties themselves agreed the property is *390 worth. Further, there is no way to evaluate the labor that was somehow already paid for. This exhibit cannot be used to add up anything.
¶28 The District Court believed Tammy’s documentary evidence and testimony that the value of the gift from her father to her was $80,000, and so found. This finding is supported by substantial evidence, is essentially uncontroverted, and is not clearly erroneous. I dissent from the Court’s decision to remand this action for further proceedings.
JUSTICE RICE joins in the foregoing dissent.
[[Image here]]